# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 00 C 5316 | Date | January 4, 2001 |
| Case Title | RHONDA HOLLEY   V.   GURNEE VOLKSWAGEN AND OLDS MOBILE, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) Filed motion of [use listing in "MOTION" box above]
(2) Brief in support of motion due _____
(3) Answer brief to motion due _____ Reply to answer brief due _____
(4) ☐ Ruling ☐ Hearing on _____ set for _____ at _____
(5) Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(6) Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(7) Trial ☐ Set for ☐ re-set for _____ at _____
(8) ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____
(9) This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)
(10) [XX] [Other docket entry] Motion (8-1, and 8-2) to dismiss are denied. Counts V and VI are dismissed without prejuddice and leave is given to amend the complaint. Motions (11-2 and 20-1) for summary judgment are denied.
(11) [For further detail see ☐ order on the reverse of ☐ order attached to the original minute order form.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | number of notices |
| | No notices required. | | |
| | Notices mailed by judge's staff. | FILED FOR DOCKETING | date docketed |
| | Notified counsel by telephone. | 01 JAN -7 PM 3:24  JAN 08 2001 | |
| X | Docketing to mail notices. | | docketing dpty. initials |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate Judge. | | date mailed notice |
| *dw* courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing dpty. initials |

Document # 35

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

RHONDA HOLLEY,

    Plaintiff,

v.

GURNEE VOLKSWAGEN AND
OLDSMOBILE, INC.,

    Defendant.

No. 00 C 5316
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Greg King and Randy Sanderson were salesmen employed by Gurnee Volkswagen ("Gurnee"). Their conduct does not inspire confidence in the honesty of car salesmen. As alleged in the complaint, these salesmen stole customer cash down payments and did not arrange for the financing the customers sought. Rhonda Holley was one such customer; she asked Gurnee to return her $1500 down payment, but it refused unless she could provide a written receipt. Gurnee then sent its employees to Holley's house and repossessed the car, a 1995 GMC Jimmy.

In an eight-count complaint, Holley has filed suit against Gurnee alleging: violations of the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.*, and Illinois Consumer Fraud Act, 815 ILCS 505/1, *et seq.*; common law fraud; violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*; conversion; wrongful repossession; violation of Article 2C of the Illinois Consumer Fraud Act; and negligence. Defendant moves to dismiss, or alternatively for summary judgment; plaintiff also moves for summary judgment on some counts.




1.  **Defendant's Motion to Dismiss**

On a motion to dismiss for failure to state a claim, I accept the well-pleaded allegations of the complaint as true, construe ambiguities in favor of the plaintiff, and will dismiss only if plaintiff can prove no set of facts to support her claims. Fed. R. Civ. P. 12(b)(6); *Miree v. DeKalb County*, 433 U.S. 25, 27 n. 2 (1977); *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Defendant's additional facts, offered by way of affidavit, are not considered at this stage.

Gurnee moves to dismiss Counts I through IV because it believes King and Sanderson acted outside of the scope of their employment in defrauding Holley -- it cannot be vicariously liable for their conduct. *Wright v. City of Danville*, 174 Ill.2d 391, 405 (1996). There is, however, an exception to this limitation on respondeat superior liability. If an agent, acting with apparent authority, commits a fraud against a third person who reasonably believed that she was entering into a bona fide transaction with the agent's principal, the principal is chargeable with the fraud. *Hartman v. Prudential Ins. Co. of America.*, 9 F.3d 1207, 1211 (7th Cir. 1993). At this stage of the case, there can be no question that as car salesmen working at Gurnee, King and Sanderson acted with the apparent authority to bind the defendant with respect to the sale of cars. Defendant says that Holley could not have reasonably believed she was entering into a bona fide transaction because she did not get a receipt for her down payment, the retail installment contract (RIC) does not indicate a down payment and the RIC does indicate a trade-in allowance for which plaintiff had no trade-in vehicle. These facts are not enough to say that Holley, as a matter of law, acted unreasonably; in fact, absent some bizarre admission that Holley was a co-conspirator, I cannot see how, on this record, one could argue that Holley did not reasonably believe she was purchasing a car from

2

Gurnee. Whether Holley was foolishly duped because the documents suggest that something was amiss with the deal is a fact question that cannot be resolved on a motion to dismiss. Therefore, all allegations concerning the conduct of King and Sanderson are attributable to defendant.

Gurnee also argues that wrongful repossession cannot state a claim for violation of the Illinois Consumer Fraud Act as alleged in Count II, ¶¶ 18(c), (f) and (g). Defendant says repossession does not occur "in the course of trade or commerce" and thus falls outside the scope of 815 ILCS 505/2. Neither party points to any Illinois decision applying repossession to the "trade or commerce" aspect of the Act, and I have found none.[1] "The terms 'trade' and 'commerce' mean the advertising, offering for sale, sale or distribution of any services and any property... and shall include any trade or commerce directly or indirectly affecting the people of this State." 815 ILCS 505/1. The repossession alleged in this complaint falls within the definition of the statute. In this case, the repossession is closely related to, indeed is integral to, the sale and distribution of the 1995 GMC Jimmy. Gurnee itself repossessed the car a mere 17 days after Holley thought she bought it. Gurnee's conduct in repossession was related to its sale and distribution of cars from its lot -- it was in the course of its everyday trade and commerce.

Gurnee next seeks dismissal of Count III, the common law fraud claim, to the extent it alleges fraud in the repossession. Gurnee says its repossession did not involve a false statement of material fact, an essential element of common law fraud. *Pawlikowski v. Toyota Motor Credit Corporation*, 309 Ill.App.3d 550, 563-564 (2nd Dist. 1999). Holley says one false statement of material fact was

---

[1] In *Zinser v. Uptown Federal Savings and Loan*, 185 Ill.App.3d 979, 542 N.E.2d 87 (1st Dist. 1989), the court decided whether the repossession alleged in the complaint constituted an unfair act or practice but did not address "trade or commerce." Defendant here does not argue that the respossession alleged by plaintiff was not an unfair act or practice and rests its motion solely on the "trade or commerce" argument.

the accusation that she was in default. She claims she was not; a default existed she says, but it was not hers. The act of repossession necessarily entails a statement or representation that Gurnee was entitled to take the vehicle back. Holley says it had no such entitlement, therefore it made a false statement. This is a sufficient allegation of a false statement of material fact. Defendant argues that a properly plead wrongful repossession claim adequately covers plaintiff and that a fraud claim is duplicative; that may be so, but there is no bar to plaintiff pleading alternative, or even duplicative legal (as opposed to equitable) claims for relief as long as she meets their respective elements. Moreover, Count III alleges other grounds to support the claim: the acts of King and Sanderson and Gurnee's acceptance of the fruits of the fraud. Count III therefore states a claim.

Defendant moves to dismiss Counts V (conversion) and VI (wrongful repossession). Plaintiff admits that these counts as currently plead do not state claims. I dismiss those counts without prejudice and with leave to amend.

Finally, defendant seeks dismissal of Count VIII (negligence) because Holley seeks recovery of solely economic losses. *Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill.2d 69, 435 N.E.2d 443 (1982). Holley says that in addition to economic losses, her complaint alleges "severe embarrassment;" therefore she should be able to proceed with her negligence claim. Complaint ¶ 12. Although somewhat buried in the complaint, this allegation does put Gurnee on notice that there are non-economic harms alleged. *See Love v. United States*, 1992 WL 91764 (N.D. Ill 1992) (noneconomic damages include losses for inconvenience, emotional distress and injury to reputation). The value of the embarrassment may be nominal, but at this stage it is not within my province to dismiss a count solely because it has little value. Moreover, claims for negligent supervision or retention that arise from an agent's fraudulent conduct are not barred by the economic

loss doctrine. *Soranno v. New York Life Insurance Co.*, 2000 WL 748142 *1, *6 (N.D. Ill. 2000). Count VIII states a claim.

## 2. Cross-Motions for Summary Judgment on Count I

Summary judgment is appropriate if there are no genuine issues of material fact and defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). I evaluate all admissible evidence in the light most favorable to the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Both parties seek summary judgment on Count I.[2]

Count I is a Truth in Lending Act (TILA) claim. 15 U.S.C. §§ 1601, *et seq*. The Act and its implementing regulation (Regulation Z, 12 C.F.R. § 226.17) require sellers in retail installment transactions to provide certain disclosures to the purchaser. Holley claims that she did not receive her TILA disclosures in a form that she could keep prior to the consummation of the transaction, in violation of Regulation Z. 12 C.F.R. § 226.17(a), (b). The RIC attached to the complaint demonstrated that the TILA disclosures were made in the RIC and that Holley executed the contract. She clearly received a copy of the executed contract, but she says she did not receive a copy of the RIC prior to consummation. Defendant says there can be no TILA violation since Holley did receive a copy of the fully completed and executed copy of the contract.

---

[2] Gurnee VW offers the affidavit of Mark Battista in support of its motion for summary judgment. Portions of this affidavit are inadmissible hearsay, however. Battista's affidavit repeats out-of-court statements made by other employees and offers them for the truth of the matter asserted. I disregard ¶¶ 11 and 13 of the Battista affidavit. The remainder of the affidavit, outlining King and Sanderson's alleged fraud and Gurnee's internal investigation and response, is not material to any issues raised in the motions. The statements in the affidavit do not alter my analysis of Gurnee's liability for King and Sanderson's conduct; they do not address the reasonableness of Holley's belief that she was entering into a bona fide transaction with Gurnee. Therefore, I deny Gurnee's alternative motion for summary judgment on the issues in Counts I through IV related to King and Sanderson.

5

The regulations plainly state "before" consummation, not "at the time of" consummation. 12 C.F.R. 226.17(b); *see also* 15 U.S.C. § 1638(b)(1). Consummation generally occurs at signing. The regulation means what it says; car dealers must give customers a copy of the RIC they can keep before they sign it. *Polk v. Crown Auto, Inc.*, 221 F.3d 691, 692 (4th Cir. 2000); *see also Fogle v. William Chevrolet/Geo, Inc.*, 2000 WL 1129983 *1, * 5 (N.D. Ill. 2000) (car dealer had obligation to make TILA disclosures before plaintiffs signed contracts). Holley's affidavit sufficiently questions the timing and form of disclosures made prior to signing and therefore precludes summary judgment in favor of defendant.

A separate question is whether Holley's affidavit, which states, "Gurnee Volkswagen did not give me a copy of my Truth in Lending disclosures, contained in the retail installment contract, in writing, in a form that I could keep before I signed the finance contract," conclusively establishes a TILA violation such that she is entitled to summary judgment. As the non-movant, Gurnee is entitled to reasonable inferences. Gurnee says I should assume Holley did get a copy of the RIC before she signed it and that she had the option to take this unsigned RIC with her and leave the dealership before consummating the transaction. Such an assumption is untenable on this record. The only evidence on the question is Holley's affidavit, and Gurnee offers no facts to contradict her version of events.

Gurnee also says that financing was never obtained on the vehicle, the vehicle was never paid for and therefore Holley was never contractually obligated on the credit transaction. Defendant's L.R. 56.1(b)(3) Statement ¶ 4. Defendant thus appears to argue that the credit transaction was never consummated. The parties, focusing the briefing on the question of the timing of the disclosures, have not addressed consummation. However, Defendant's statement of facts sufficiently puts

6

consummation at issue such that summary judgment in favor of the plaintiff is not appropriate. Plaintiff's motion for summary judgment on Count II (Illinois Consumer Fraud Act) is denied for the same reasons.

3. **Defendant's Motion for Summary Judgment on Count IV**

Count IV, the Mangnuson-Moss claim, alleges that Holley was not given a copy of the Buyer's Guide. The Act, 15 U.S.C. §§ 2301, *et seq.*, and its implementing regulations, 16 C.F.R. §§ 455, *et seq.*, require sellers to give purchasers a copy of the Buyer's Guide. Gurnee says the RIC, signed by Holley, acknowledges receipt of the Buyer's Guide, so there can be no Magnuson-Moss violation. In her affidavit, Holley says she did not receive the Buyer's Guide. This is a conflict in the evidence and the motion for summary judgment is denied.

4. **Cross-Motions for Summary Judgment on Count VII**

Both sides move for summary judgment on Count VII, which alleges that Gurnee did not return Holley's down payment in violation of Article 2C of the Illinois Consumer Fraud Act. Gurnee says the RIC indicates no down payment was given, Holley cannot provide a written receipt for a down payment, so there can be no down payment to be returned. Holley says she gave $1500 in cash as a down payment to King and Sanderson (her daughter says she observed her mother do this), but did not receive a receipt; she does not explain why the RIC fails to indicate the down payment. Like the motion on Count IV, there is clearly a disputed question of fact here – either she gave a down payment or not and there is evidence to suggest either possibility. Therefore, the motions for summary judgment are denied.

## 5. Conclusion

Gurnee Volkswagen's motion to dismiss and alternative motion for summary judgment [8-1, 8-2] are denied. Counts V and VI are dismissed without prejudice and leave is given to amend the complaint. Holley's motions for summary judgment [11-2, 20-1] are denied.

ENTER:

James B. Zagel
United States District Judge

DATE: 01/04/01